IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SAMUEL ROBINSON HOGSETT, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>ERIC WILLIAMS,[1] )<br>)<br>Respondent. )<br>) | Case No. 20-cv-359-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Samuel Robinson Hogset, Jr., an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at Federal Correctional Institution – Greenville ("FCI – Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Hogsett alleges that he was denied due process during a disciplinary proceeding which resulted in the loss of good time credits. Specifically, Hogsett alleges that there was no evidence to find him guilty of the violation. He seeks restoration of his good time credits.

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Without commenting on the merits of Hogsett's claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Hogsett is not entitled to habeas relief.

---

[1] Eric Williams is the current warden of FCI-Greenville and thus the proper respondent. The Clerk is DIRECTED to SUBSTITUTE Eric Williams in place of T.G. Werlich.

**IT IS HEREBY ORDERED** that Respondent Eric Williams shall answer or otherwise plead on or before **August 6, 2020**.[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Hogsett is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than 7 days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  7/9/2020**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[2] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.