IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **SAMUEL ROBINSON HOGSETT, JR.,**<br><br>**Petitioner,**<br><br>v.<br><br>**ERIC WILLIAMS,**<br><br>**Respondent.** | Case No. 20-CV-359-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Samuel Robinson Hogsett, Jr. ("Hogsett") is a federal inmate housed at FCI Greenville, which is located within the Southern District of Illinois. Hogsett filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his loss of 41 days of good conduct credit as well as the administrative charge imposed on his prison record due to a prison disciplinary proceeding. (Doc. 1). Hogsett sets forth one ground for relief, arguing there was no evidence to support the finding of his guilt. (*Id.*). Respondent filed a response to the Petition (Doc. 15), and Hogsett replied (Doc. 17). For the reasons set forth below, the petition is denied.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Hogsett is serving a 355-month sentence imposed in the Southern District of Illinois in 2007. (Doc. 15-1, p. 2). His projected release date is January 10, 2032.[1] The incident at issue in this action occurred at FCI Greenville on April 11, 2019. (Doc. 1, p. 17). An officer searched cell 219, shared by Hogsett and one other inmate. (*Id.*). The officer

---

[1] *See* www.bop.gov/inmateloc/ (last visited on Mar. 1, 2023).

found a white sticker covered in an unidentified substance stuck on the bulletin board in the common area of the cell. (*Id.*). The officer tested the sticker using a Narcotic Identification Kit ("NIK"), and it was positive for opium alkaloids and buprenorphine. *Id.* As a result, Hogsett was charged with a violation of Prohibited Act Code 113, Possession of Any Narcotics, Marijuana, Drugs, Alcohol, Intoxicants, or Related Paraphernalia, Not Prescribed for the Individual by Medical Staff. (Doc. 15-1, pp. 2-3).

The Unit Discipline Committee (UDC) held a hearing on April 25, 2019, where Hogsett was advised of his rights. (Doc. 15-1, p. 5). At the hearing, Hogsett stated that he had "no comment." (Doc. 15-5, p. 3). The matter was then referred to a Discipline Hearing Officer (DHO). *Id.* At the DHO hearing, Hogsett affirmed that he understood his rights and waived his right to have a staff representative present for the disciplinary hearing. (Doc. 15-7, p. 1). Hogsett also informed the DHO that he "doesn't know anything about any drugs," and his cellmate "told [him] he took the shot." (Doc. 1, p. 11). Using the incident report, Hogsett's statement to the UDC and DHO, the investigating officer's memo, photographs from the investigation, and the positive test results, the DHO found Hogsett guilty of violating Code 113. (Doc 15-7, p. 6).

Hogsett filed a Regional Administrative Remedy Appeal. (Doc. 1, p. 20). In his appeal, Hogsett stated that there was a discrepancy between two officers referring to the object as a "white paper" and a "white sticker," and the NIK test results of the white sticker were not confirmed with a laboratory test. (Doc. 1, p. 20). The Regional Director rejected his appeal on the basis that the photographs show a white piece of paper with a sticker back. (Doc. 1, p. 21). The Regional Director also stated that officers are not required

to conduct a laboratory test, and a NIK test is sufficient according to Program Statement 6060.08, Urine Surveillance and Narcotic Identification. (*Id.*).

Hogsett then filed a Central Office Administrative Remedy Appeal. In his appeal, he stated that the Regional Director denied his appeal without referencing the Ion Spectrometry Device Program, Program Statement 5522.03, to determine if the NIK test was performed properly. (Doc. 1, p. 23). Hogsett's appeal was denied, and his disciplinary proceeding was found to be in accordance with Program Statement 5270.09, Inmate Discipline Program. (Doc. 1, p. 24). Hogsett then filed this habeas action.

## APPLICABLE LAW

Federal inmates must be given due process before their good time credit can be rescinded. *Brooks–Bey v. Smith,* 819 F.2d 178, 180 (7th Cir. 1987). Inmates can challenge the loss of good conduct credit through a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Jones v. Cross*, 637 F.3d 841, 842 (7th Cir. 2011).

In a disciplinary hearing, inmates retain certain due process rights such as: (1) a receipt of written notice of the charges in advance of the hearing; (2) an opportunity to be heard before an impartial decision maker; (3) the right to call witnesses and present evidence where the same will not be unduly hazardous to safety or correctional goals; and (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007). Along with these safeguards, due process requires that the findings of the DHO be supported by "some evidence from which the conclusion of the administrative tribunal could be

deduced." *Superintendent v. Hill*, 472 U.S. 445 (1985) (citing *United States ex rel. Vajtauer v. Commissioner of Immigration,* 273 U.S. 103, 106 (1927)); *see also Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). The "some evidence" standard is a low bar, which the Seventh Circuit has described as a "meager threshold." *Scruggs*, 485 F.3d at 941 ("once the meager threshold has been crossed our inquiry ends"). A habeas court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Henderson*, 13 F.3d at 1077.

## DISCUSSION

Respondent asserts that Hogsett's arguments cannot be considered because he failed to raise them at his disciplinary hearing. Thus, he forfeited the arguments. The Court agrees.

Due process is satisfied if the petitioner is afforded the required procedural protections at his disciplinary hearing. All due process requirements were satisfied here. Hogsett was given notice of the charges and hearing, had an opportunity to be heard before an impartial DHO, was informed of his right to call a witness, and was given the report of the DHO's decision. (Doc 15-7, p. 2-3). Despite having access to the incident report, Hogsett did not raise the arguments that the Narcotic Identification Kit results should have been supported with a laboratory test or that there was insufficient evidence of his guilt at his disciplinary hearing. (Doc. 1, p. 26). Hogsett, instead, stated he "doesn't know anything about any drugs." (Doc. 1, pp. 11, 26).

Furthermore, due process "does not include a right to submit additional evidence on administrative appeal from a hearing officer's decision." *Bivins v. Williams*, No. 22-

1791, 2023 WL 180051, at *1 (7th Cir. Jan. 13, 2023); *Jones v. McCaughtry*, 6 F. App'x 371, 372-73 (7th Cir. 2001) (citing *McPherson v. McBride,* 188 F.3d 784, 786-87 (7th Cir. 1999) (due process consideration "does not require later consideration of evidence that could have been but was not presented during a prison disciplinary proceeding"). Thus, Hogsett forfeited his right to raise these claims now.

Even if Hogsett's claims could be considered, they have no merit. Due process, in a prison disciplinary hearing, only requires "that there be some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. The relevant question under this standard is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 456-57. The Court cannot "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The "some evidence" standard is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Hill*, 472 U.S. at 457.

Hogsett asserts that the DHO did not have sufficient evidence to find him guilty of Code 113 because there was no laboratory testing done on the white sticker to confirm that it was covered in narcotics. (Doc. 1, p. 14). Without this testing or any other laboratory testing done on Hogsett, he argues, the DHO based his finding solely on the grounds that the white sticker covered with narcotics was found in the common area of Hogsett's cell. He argues this evidence does not prove he was in possession of the white sticker. (Doc. 1, p. 5).

Hogsett's claim fails because there was "some evidence" to support the finding of

guilt, most notably the white sticker containing narcotics that was found in the common area of Hogsett's cell. While Hogsett claims the prison should have done lab testing to confirm the presence of narcotics, the record indicates that the sticker was tested for narcotics in accordance with the BOP's Program Statement 6060.08 and came back positive. (Doc. 1 at p. 21). There is no policy that substances be sent to a lab for confirmation testing. (*Id.*). Furthermore, even if there is no evidence supporting Hogsett's actual possession of the white sticker, the Seventh Circuit has found that inmates have constructive possession where contraband is found in the common area of a cell to which the inmate has undisputed access. *Bivins*, 2023 WL 180051, at *2 (citing *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992) ("The proposition that constructive possession provides 'some evidence' of guilt when contraband is found where only a few inmates have access is unproblematical."). Because the sticker was found in the common area of Hogsett's cell, which he shared with only one other inmate, he constructively possessed the sticker.

To support his argument, Hogsett cites to *Clark v. Veltri*, where two shanks were found hidden behind a sink near a window in a washroom adjoining a cell that was shared by five inmates. No. 2003-CV-275-JPG, 2005 WL 1719966, *1 (S.D. Ill. July 25, 2005). Inmate Joseph Clark was charged with possessing sharpened items, found guilty by the DHO, and lost 40 days of good-time credit, despite Clark's persistent argument that he never knew that the shanks were there. *Id.* In determining whether the DHO's findings were supported by some evidence, the court noted that the cell was shared with four other inmates, Clark had only been a resident of the cell for two weeks, and the weapon

was not readily accessible to Clark. *Id.* at *3. Because the DHO established no nexus between Clark and the shanks, the court found the "some evidence" standard was not met in that case. *Id.*

*Clark* is not analogous to this case. Unlike *Clark*, the sticker here was in plain view on a bulletin board in the common area of the cell, which Hogsett shared with only one other inmate. Under Seventh Circuit precedent, this is sufficient to find that Hogsett constructively possessed the sticker. And because he constructively possessed the sticker, which contained narcotics, there is "some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. Accordingly, Hogsett's petition must be denied.

## CONCLUSION

For these reasons, the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by Petitioner Samuel Robinson Hogsett, Jr., (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: March 1, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**